UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------X
ARISTA RECORDS, INC. ET AL.,

       Plaintiff,             <u>ORDER</u>

  -against-              Civil Action No.
                           CV-03-4465(DGT)
JOHN MUSEMECI

       Defendant.

-------------------------------X

Trager, J:

    Plaintiffs commenced this copyright infringement action in
September 2003.  On April 27, 2004, after defendant failed to
answer or move with respect to the complaint, plaintiffs' motion
for a default judgment was granted.  On February 28, 2007,
defendant moved to vacate the judgment, and the motion was
referred to United States Magistrate Judge Robert M. Levy for a
report and recommendation.

    Defendant argued to Judge Levy that he was not properly
served with the complaint, and that he did not infringe
plaintiffs' copyrights.  On September 18, 2007, Judge Levy
rejected defendant's arguments, and recommended that defendant's
motion to vacate the judgment of default be denied.

    On September 27, 2007, defendant objected to Judge Levy's
Report and Recommendation.  Defendant's objections, however, are
essentially reiterations of the arguments Judge Levy already
considered and rejected.

"When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review . . .. However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Rates Tech., Inc., v. Mediatrix Telecom, Inc., No. 05-2755, 2207 U.S. Dist. LEXIS 48237, at *3 (E.D.N.Y. June 29, 2007) (internal citations and quotations omitted). Thus, because defendant's objections merely restate the arguments Judge Levy already rejected, the Report and Recommendation is reviewed for clear error.

Judge Levy found that the default judgment was not void for improper service of process under Federal Rule of Civil Procedure 60(b)(1). First, plaintiffs established, by the process server's sworn statement, that a copy of the summons and complaint was left with a person of suitable age and discretion at defendant's actual place of abode. The summons and complaint were also mailed to defendant at his residence. Second, plaintiffs established that defendant had actual knowledge of the action, as evidenced by an email exchange between defendant and plaintiffs' counsel and phone logs indicating that defendant attempted to contact plaintiffs' counsel. Thus, Judge Levy concluded that defendant's claim that he never received notice lacked credibility.

Defendant also argued that even if service was proper the

2

default judgment should be set aside for good cause.  Judge Levy
did not recommend doing so because: (1) defendant's default was
willful, (2) setting aside the judgment would prejudice
plaintiffs because evidence has been lost or destroyed, and (3)
defendant did not make an adequate showing of a meritorious
defense.

After an independent review of the thorough and detailed
Report and Recommendation, it is evident that Judge Levy
reasonably applied the law to the facts and did not commit clear
error.  Accordingly, it is hereby

ORDERED that the Report and Recommendation are adopted, and
defendant's motion to vacate the default judgment is denied.


Dated:  Brooklyn, New York
        October 25, 2007

                              SO ORDERED:


                              _____/s/_____
                              David G. Trager
                              United States District Judge