UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
ARISTA RECORDS, INC., ET AL.

      Plaintiff,               MEMORANDUM AND ORDER

   -against-                 Civil Action No.
                                CV-03-4465(DGT)
JOHN MUSUMECI

      Defendant.

---------------------------------X

Trager, J:

    Plaintiffs commenced this copyright infringement action against defendant, John Musumeci, on September 8, 2003. Musumeci failed to timely respond, and on April 27, 2004, plaintiffs' motion for default judgment was granted. Nearly three years later, on February 28, 2007, Musumeci moved to vacate the default judgment. The parties fully briefed the issue, and Magistrate Judge Levy conducted a hearing. On September 18, 2007, Judge Levy recommended denial of Musumeci's motion. Musumeci then filed objections to Judge Levy's Report and Recommendation. On October 25, 2007, this court considered and rejected Musumeci's objections, adopted Judge Levy's recommendation, and denied Musumeci's motion to vacate the default judgment.

    On October 31, 2007, Musumeci moved this court to reconsider its October 25, 2007 order, and asked for a <u>de novo</u> review on the ground that plaintiffs' complaint is insufficient. For the reasons stated below, Musumeci's motion for reconsideration is

denied.

Federal Rule of Civil Procedure 59(e) along with Local Civil Rule 6.3 allow Musumeci to move for reconsideration. "The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court." Atronic Int'l v. Sai Semispecialists of Am., 2007 U.S. Dist. LEXIS 64185, at *5 (E.D.N.Y. 2007) (citing Devlin v. Transp. Comm'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999)). Moreover, the standard for granting a motion to reconsider is strict, requiring the moving party to show that the court overlooked controlling law that would have changed the outcome of the decision – merely reiterating arguments that have already been made, considered, and rejected will not suffice. See id.; Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court."); Medoy v. Warnaco Emples. Long Term Disability Ins. Plan, No. 97-cv-6612, 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

In this case, instead of pointing to any controlling law,

overlooked by the court's order, that would have compelled vacating the default judgment, Musumeci's motion merely reiterates his belief that the complaint is insufficient. Musumeci previously challenged the sufficiency of the complaint when he objected to Judge Levy's Report and Recommendation, but this court rejected his objections and adopted the recommendation. Musumeci's argument is no more convincing now than it was then.

In sum, because Musumeci's motion does not raise any previously overlooked arguments that compel vacating the default judgment, and because "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000), Musumeci's motion for reconsideration is denied.


Dated: Brooklyn, New York
       December 11, 2007

                                    SO ORDERED:


                                    _____/s/_____
                                    David G. Trager
                                    United States District Judge