```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
ARISTA RECORDS, INC., ET AL.

        Plaintiff,                    MEMORANDUM AND ORDER

    -against-                         Civil Action No.
                                      CV-03-4465(DGT)
JOHN MUSUMECI

        Defendant.

-------------------------------X
```

Trager, J:

In this copyright infringement action – which has been disposed of by a default judgment – the defendant, John Musumeci, has filed two motions. First, Musumeci moves the court to reconsider, for a second time, an order denying his motion to vacate the default judgment. Second, Musumeci moves the court to exclude certain evidence he feels was illegally obtained. For the reasons stated below, both motions are denied.

**Background**

Plaintiffs commenced this action against Musumeci on September 8, 2003. Musumeci failed to answer the complaint, even though it has since been found that he had notice. On April 27, 2004, default judgment granted. Nearly three years later, on February 28, 2007, Musumeci moved to vacate the default judgment. The parties fully briefed the issue, and Magistrate Judge Levy conducted a hearing. On September 18, 2007, Judge Levy

recommended denial of Musumeci's motion. Musumeci then filed objections to Judge Levy's Report and Recommendation. On October 25, 2007, over Musumeci's objections, this court adopted Judge Levy's recommendation and denied Musumeci's motion to vacate the default judgment.

On October 31, 2007, Musumeci moved this court to reconsider its October 25, 2007 order, and asked for a de novo review on the grounds that plaintiffs' complaint is insufficient. On December 11, 2007, Musumeci's October 31, 2007 motion for reconsideration was denied because it was found that Musumeci had simply reiterated arguments that had been raised and rejected on previous motions.

On January 4, 2008, Musumeci filed a second motion for reconsideration, this time asking the court to reconsider its December 11, 2007 order denying Musumeci's first motion for reconsideration. On February 6, 2008, while his second motion for reconsideration was pending, Musumeci filed a motion to exclude illegally obtained evidence.

## Discussion

### (1)

**Musumeci's January 4, 2008 Motion for Reconsideration**

In his January 4, 2008 motion for reconsideration, Musumeci argues that the court's December 11, 2007 order failed to

recognize that under the Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the plaintiffs' complaint is insufficient, and thus, cannot support a grant of default judgment. Musumeci is correct that the sufficiency of the complaint is one factor to be weighed before entering a default judgment against a defendant who has failed to answer. In this case, however, the complaint is sufficient. In short, it alleges that Musumeci used the internet to illegally download, distribute, and make available specifically identified copyrighted recordings owned by plaintiffs. In two similar actions, this court has found nearly identical complaints to be sufficient. <u>Maverick Recording Co. v. Goldshteyn</u>, No. 05 Civ. 4523, 2006 U.S. Dist. LEXIS 52422 (E.D.N.Y. July 31, 2006); <u>Elektra Entertainment Group, Inc., v. Schwartz</u>, No. 06 Civ. 3533 (E.D.N.Y. Apr. 1, 2008). Moreover, Musumeci's argument that these sorts of complaints are insufficient under <u>Twombly</u> was squarely dealt with and rejected in <u>Schwartz</u>. <u>Schwartz</u>, No. 06 Civ. 3533, slip op. at 5-7.

In sum, the complaint sets forth the acts allegedly constituting copyright infringement with sufficient specificity to have put Musumeci on notice of the grounds for plaintiffs' claim. And as required by <u>Twombly</u>, the complaint alleges enough facts to constitute a plausible, and not just a conceivable, claim of infringement. Thus, Musumeci's motion for
3

reconsideration is denied.

**(2)**

**Musumeci's February 6, 2008 Motion to Exclude Evidence**

In his February 6, 2008 motion, Musumeci argues that the evidence of infringement that plaintiffs reference in their complaint was obtained by an unlicensed private investigator, and therefore, should be excluded.  This motion is moot.  By failing to appear in this action until more than three years after the complaint was filed, Musumeci has lost his opportunity to have this argument entertained by the court.  Because Musumeci's default prevented this case from advancing past the complaint stage, the weight and admissibility of the evidence plaintiffs would have offered to prove that Musumeci infringed their copyrights is irrelevant.  A default judgment has been entered against Musumeci, and his three attempts to have the default judgment vacated have been denied.  Thus, he cannot, at this time, challenge the admissibility of evidence.

## Conclusion

Musumeci's January 4, 2008 motion for reconsideration is denied because the complaint states a plausible claim of copyright infringement, and thus, satisfies the requirements of <u>Twombly</u>. Moreover, Musumeci's February 6, 2008 motion to exclude evidence is denied as moot.

Dated: Brooklyn, New York
       April 4, 2008

SO ORDERED:

/s/
David G. Trager
United States District Judge